NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL D. PEGUERO, | Civil Action No. 14-2371 (RMB) |
| Plaintiff, | |
| v. | **OPINION** |
| UNICOR INDUSTRIES, | |
| Defendant. | |

This matter comes before the Court upon a transfer order executed by the Southern District of New York ("SDNY"), see Docket Entry No. 3, and it is appearing that:

On March 11, 2011, the Clerk in this District received Plaintiff's first civil complaint that gave rise to Peguero v. Meyer ("Peguero-I"), Civil Action No. 11-1476 (RMB) (D.N.J.). There, Plaintiff, then a federal inmate confined at the FCI Beckley, Beaver, West Virginia, sought compensation for a work-related injury he had allegedly sustained in 2005, while confined at FCI Fort Dix and working at the Unicor Recycling. See Peguero-I, Docket Entry No. 1. Plaintiff asserted a violation of his Eighth Amendment rights, raising that claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and, in addition, sought compensation under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. See id.

This Court screened the Peguero-I complaint and dismissed it. See id., Docket Entries Nos. 5 and 6. Plaintiff's Bivens claim was dismissed with prejudice, as untimely, while his IACA claim was dismissed without prejudice, as premature. See id., Docket Entry No. 5. Plaintiff appealed, and the Court of Appeals affirmed this Court's ruling. See id., Docket Entries Nos. 13 and 14; see also Peguero v. Meyer, 520 F. App'x 58, 59 n.1 (3d Cir. 2013) ("Peguero is scheduled to be released in February 2014 and cannot yet initiate his claim under IACA. See 28 C.F.R. § 301.303(a) ('No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of an industrial institution, or other work-related injury shall submit the appropriate form')") (brackets omitted).

Plaintiff was released from his federal penal confinement on March 25, 2014. See Instant Matter, Docket Entry No. 2, at 5. Being a citizen and native of the Dominican Republic and an alien detainee subject to a final order of removal, he was released into the immigration custody and served with travel documents informing him of his removal scheduled for April 4, 2014. See id. In anticipation of that removal, he was briefly housed at the York County Prison, York, Pennsylvania. See Instant Matter, Docket Entry No. 3, at 1. During that brief period, Plaintiff executed another civil complaint which, for the reasons not

immediately apparent to this Court, he filed with the SDNY.  See id.; see also Instant Matter, Docket Entries No. 1 to 3.

On April 9, 2014, the SDNY directed transfer of Plaintiff's filing to this District.  See id., Docket Entry No. 3.  On April 14, 2014, this matter was assigned to the undersigned.

Plaintiff's instant claims build on the factual predicate identical to that asserted in Pequero-I.  See, generally, Instant Matter, Docket Entry No. 2; compare Pequero-I, Docket Entry No. 1.  In terms of his legal claims, Plaintiff relies on the IACA and, in addition, asserts a violation of his civil rights under 42 U.S.C. § 1983.  See Instant Matter, Docket Entry No. 2.

Detailing his IACA claim, Plaintiff: (a) recites the IACA parts of this Court's opinion entered in Pequero-I; and (b) states that he has "filed [an administrative] claim for compensation under the [IACA]."  Id. at 2.  No statement in the instant complaint suggests that this IACA administrative process has ended or has yielded a legally deficient result.  Rather, it appears that the administrative process is duly underway.[1]

Plaintiff's instant complaint fails to state a claim.

Statutory authority for the IACA is found at 18 U.S.C. § 4126(c)(4), which created the Prison Industries Fund in order to

---

[1] Plaintiff, however, opines that his IACA damages should be in the amount of "$37,000[.]00 . . . to cover his medication, treatment, visits to the eye doctor every six months and further surgeries."  Instant Matter, Docket Entry No. 2, at 3.

compensate "inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." The implementing regulations for this no-fault compensation program are found at 28 C.F.R. § 301.101 et seq. These regulations set the parameters for an inmate who desires to pursue compensation under the IACA and the process of seeking such compensation. The rules state, in pertinent part, that the prisoner must begin the process of seeking a monetary award by filing an administrative claim: "[E]ach inmate who feels that a residual physical impairment exists as a result of a . . . work-related injury shall submit a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury." 28 C.F.R. § 301.303(a).[2] Here, Plaintiff submitted a proper administrative form and is awaiting a timely response.[3] While this Court cannot rule out the possibility that he has received such response after executing the complaint at bar and is now displeased with the outcome of his administrative proceedings, such hypothesis cannot salvage his complaint. The scope of judicial review of IACA

---

[2] If an inmate fully recovers during the remaining time he must spend in custody, and has no impairment at the time of his release, he is not eligible for payment under the IACA. See 28 CFR § 301.314(a). This Court presumes, without making a factual finding to that effect, that Plaintiff did not fully recover.

[3] Thus, no action by this Court is required, even if the Court were to construe this complaint as a mandamus petition.

awards is very narrow, being limited to the procedural safeguards and assessment for abuse of discretion.  See Thompson v. Federal Prison Industries, 492 F.2d 1082 (5th Cir. 1974) (award of compensation under § 4126 and relevant regulations is a matter for determination by prison authorities, subject to supervision of Attorney General, since the decision of prison authorities, once made, is conclusive in absence of showing that it was arbitrary or capricious); Davis v. United States, 415 F. Supp. 1086 (D. Kan. 1976) (administrative decision on a claim under § 4126 may be reviewed under Administrative Procedure Act  to determine whether there has been compliance with due process requirements and whether decision is arbitrary or capricious).  The courts are neither allowed nor equipped to second-guess rational administrative determinations.  See Owens v. Department of Justice, 527 F. Supp. 373 (N.D. Ind.), aff'd, 673 F.2d 1334 (7th Cir. 1981) (in determining whether the decision reached by Federal Prison Industries Inmate Accident Compensation System is arbitrary or capricious, reviewing court must determine whether facts upon which it was based were not supported by record. Paramount here, factual certainty is not necessary; rather, if decision has rational and substantial basis in evidence, it may not be nullified even though reviewing court would have reached different conclusion).  Thus, until and unless Plaintiff asserts facts showing that, in connection with his administrative IACA

5

application, he was denied procedural due process or the decision issued by the agency was so unsupported by the record that it cannot qualify as rational/having a basis in evidence, Plaintiff states no IACA claim.

Finally, Plaintiff's reliance on Section 1983 is misplaced: being a federal prisoner, he can raise his civil rights claims only under Bivens.[4] See Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001) ("A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").

For the foregoing reasons, Plaintiff's application to proceed in this matter in forma pauperis will be granted.[5]

Plaintiff's complaint will be dismissed. His Section 1983 claim will be dismissed with prejudice, for lack of jurisdiction or, if construed as a Bivens claim, as untimely and barred by the doctrine of res judicata. Plaintiff's IACA claim will be dismissed without prejudice to being raised in a new and separate

---

[4] It would be futile to re-characterize Plaintiff's § 1983 claim into a Bivens challenge, since his Bivens claim was already dismissed as untimely, and – in addition – any renewal of this claim would be barred by res judicata.

[5] In light of Plaintiff's status of an alien detainee or an individual released from confinement as a result of his removal to the Dominican Republic, the Clerk will be directed not to assess collections of filing fee against Plaintiff.

matter in the event this claim ripens and Plaintiff is able to assert facts showing denial of procedural due process and/or substantive deficiency of the administrative determination rendering it arbitrary or capricious in light of the record accrued.  An appropriate Order follows.[6]

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**

Dated: April 30, 2014

---

[6] Since: (a) it appears that Plaintiff was removed to the Dominican Republic prior to the date of the SDNY transfer of his complaint to this District; and (b) Plaintiff, seemingly in anticipation of that development, provided an alternative non-prison address ("Manuel D. Peguero, c/o 319 Seventh Street, Union City, New Jersey, 07087," see Instant Matter, Docket Entry No. 2, at 3), the Court – out of an abundance of caution – will direct the Clerk to duplicate the service directed to Plaintiff's prison address by a mailing directed to this alternative address.